IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| RONALD RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 5:13-cv-00155-F |
| | ) | |
| VARIETY STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
VARIETY STORES, INC.'S MOTION TO SEAL**

Defendant Variety Stores, Inc. ("Variety"), by and through the undersigned counsel, and pursuant to Local Rule 79.2 and this Court's Stipulated Protective Order and Confidentiality Agreement [D.E. # 20], submits this Memorandum in Support of Motion to Seal.

**SUMMARY**

As part of its production of documents in response to Plaintiff's discovery, Variety produced documents Bates-stamped VARIETY00312-317 and VARIETY00328-331, which include private commercial information regarding the company's finances, and the finances of the store at issue in this litigation ("Store 550"). These documents were stamped "confidential" and produced subject to this Court's Stipulated Protective Order and Confidentiality Agreement [D.E. # 20]. These documents consist of store income statements for Store 550 (VARIETY00312-314, VARIETY00328); a compilation of data including sales totals for each of Store 550's clothing departments, along with gross margins, merchandise costs, initial markup figures, and gross margin percentages (VARIETY00315, VARIETY00329); a compilation of data including stock ledger sales, and projected sales and gross margin losses in relation to a

potential modifications to Store 550's clothing sections (VARIETY00316, VARIETY00330); and a compilation of data including Store 550's total sales and net income before taxes, and Store 550's projected net income and gross margins in relation to a potential modifications to Store 550's clothing sections (VARIETY00317, VARIETY00331) (collectively, the "Relevant Documents").

The Relevant Documents were considered and/or created by Variety's Chief Financial Officer, Keith Favreau, in his financial analysis of merchandise rack removal at Store 550 (one potential modification to Store 550 related to its compliance with Title III of the Americans with Disabilities Act (the "ADA")), and form the basis of his opinion that rack removal at Store 550 will cause significant losses for the store. Because these documents form the basis for Mr. Favreau's analysis, Variety wishes to provide copies of these documents to the Court for its consideration of Variety's impending Motion for Summary Judgment. However, because each of the Relevant Documents contains confidential commercial information not otherwise available to the public, Variety seeks to have the Relevant Documents filed under seal.

In order to minimize the number of judicial records that must be sealed, Variety does not intend to directly reference the Relevant Documents in its impending Memorandum Supporting its Motion for Summary Judgment, but instead will only provide the conclusions reached by Mr. Favreau from his review and/or creation of the Relevant Documents. Likewise, the Affidavit of Keith Favreau, which will be attached to Variety's Memorandum Supporting its Motion for Summary Judgment, will reference the Relevant Documents without disclosing their respective confidential content.

The information Variety seeks to seal readily satisfies the standard governing the sealing of judicial records, as the Relevant Documents are confidential, propriety, and/or sensitive,

which, if disclosed, could harm Variety, and as Variety seeks to minimize the number of judicial records that must be sealed.

## ARGUMENT

I. **VARIETY MEETS THE STANDARD FOR OVERCOMING THE COMMON LAW PUBLIC RIGHT TO ACCESS FOR BUSINESS INFORMATION.**

A. <u>Standard of Review</u>.

A district court is permitted to allow a party to file redacted and sealed versions of documents with the court. Fed. R. Civ. P. 5.2(d). However, a court's ability to seal information is limited by the public's right of access to judicial records. *See Level 3 Comm'n, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 576 (E.D. Va. 2009). "Judicial records" are "documents filed with the court [that] play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2701(d)*, 707 F.3d 283, 290 (4th Cir. 2013). If the documents "were filed with the objective of obtaining judicial action or relief," then they are judicial records. *Id.*

"The Fourth Circuit has directed that prior to sealing judicial records, a district court must first determine the source of the public's right to access the judicial records: the common law or the First Amendment." *U.S. Tobacco Inc. v. Big South Wholesale of Virginia, LLC*, No. 5:13-CV-527-F, 2013 WL 6145549, at *1 (E.D.N.C. Nov. 21, 2013) (*citing Stone v. Univ. of Md*, 855 F.2d 178,180 (4th Cir. 1988)). If the common law right of access to judicial records applies, there is a presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in access. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would

enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records." ' *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (*quoting In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Our courts have previously "held that discovery documents filed in connection with a dispositive motion, such as a motion for summary judgment, [are] subject to the right of access because summary judgment adjudicates substantive rights." *In re Application*, 707 F.3d at 290 (internal citations and quotations omitted). Therefore, at a minimum, the common law presumption for the right of access attaches to the Relevant Documents. However, Variety does not believe that a First Amendment right of access attaches to these materials. Because confidential business information has not "historically been open to the press and general public" and "public access [does not play] a significant positive role in the functioning of [this] particular process in question," the First Amendment right of access should not apply to confidential business and financial records contained in the Relevant Documents. *See In re Application*, 707 F.3d at 291-92 (discussing the experience and logic test as applied to the First Amendment right of access to judicial documents).

Additionally, courts have found that the public has no right to access business information when that information is confidential, proprietary, or sensitive, and would otherwise harm the business if it were to become public. For example, the Supreme Court, in *Nixon v. Warner Communications*, 435 U.S. 589 (1978), recognized that "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Id.* at 598. Parties can therefore seal sensitive commercial information, even when that information does not constitute a "trade secret" under applicable law. *See Silicon Knights,*

*Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011) (relying on *Nixon* to seal "[c]onfidential and proprietary commercial information, including information relating to alleged trade secrets and other highly sensitive financial and business information belonging to the parties as well as third-parties, information which is of utmost importance to them but not generally available to the public or bearing importance to any public matters"); *see also East West, LLC v. Rahman*, No. 1:11cv1380, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (sealing highly sensitive financial data, the disclosure of which is likely to cause significant harm to the competitive business position of the defendant); *Harrell v. Duke Univ. Health Sys., Inc.*, No. 7:07-813-HMH, 2007 WL 4460429, at *1 (D.S.C. Dec. 18, 2007) (holding that the protection of "confidential and proprietary information that could damage [Duke] if disclosed . . . outweighs the public's right to access to these documents").

As all of these cases demonstrate, the common law presumption of public access is overcome when a business shows that information is confidential, proprietary, or sensitive business information that could potentially harm the business if disclosed. This standard is similar to Rule 26(c)(1), which permits a court to issue an order to protect against the disclosure of "confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).

    **B.** **The Relevant Documents Constitute Confidential, Proprietary, and Sensitive Business Information, and Can and Should Be Sealed by the Court.**

Here, Variety seeks to seal documents containing confidential, proprietary, and sensitive financial information, thereby meeting the standard necessary to file under seal. As described in the Summary section, *supra*, the Relevant Documents consist of ten pages of financial information produced to Plaintiff in the discovery process. Because of the nature of this action,

this financial information is relevant to the determination of whether particular modifications to Store 550 are "readily achievable" under the ADA. *See* 42 U.S.C. § 12181(9).

Variety does not seek to seal this information for any improper purpose, but to simply protect its private, competitive position. Because Variety is a private corporation, information relating to its finances and the finances of its stores is not available in the public domain, and does not bear on any public matter. Should this information become publicly available, it could cause harm to the competitive business position of Variety. While the public has a common law right to access judicial documents, Variety's rights and interests in protecting their confidential information heavily outweighs any interest the public would have in accessing that information. The information contained in the Relevant Documents is confidential and proprietary and sensitive, and can and should be sealed by the Court. *See Silicon Knights*, 2011 WL 901958, at *2; *Rahman*, 2012 WL 3841401, at *3; *Harrell v. Duke Univ. Health Sys., Inc.*, 2007 WL 4460429, at *1.

### C. **Variety Has Limited the Amount of Judicial Records to be Sealed.**

In order to balance the competing interests of protecting Variety's confidential information and the public's access to judicial records, Variety does not seek to seal any portion of its impending Motion for Summary Judgment, supporting memorandum, or supporting affidavits. Instead, Variety has drafted these documents in such a way that they can be produced without any redaction, allowing the public full access to these documents. While arguably not necessary to the Court's adjudication in this action, Variety still wishes the Court to consider the Relevant Documents as they form the basis of Variety's position that certain modifications to the store at issue in this litigation are not readily achievable. Sealing these – and only these –

documents allows Variety to produce to the Court information relevant to its analysis, while providing the greatest possible public access to the judicial records in this action.

For the foregoing reasons, Variety respectfully requests the Court grant its Motion to File Under Seal so that Variety can provide the Court copies of documents Bates-stamped VARIETY00312-317 and VARIETY00328-331 to be considered in support of Variety's impending Motion for Summary Judgment.

This the 3rd day of March, 2014.

                    WYRICK ROBBINS YATES & PONTON LLP

                    /s/ Paul J. Puryear, Jr._____
                    Lee M. Whitman (NC Bar No. 20193)
                    lwhitman@wyrick.com
                    Paul J. Puryear, Jr. (NC Bar No. 41536)
                    ppuryear@wyrick.com
                    4101 Lake Boone Trail, Suite 300
                    Raleigh, NC 27607
                    Telephone: (919) 781-4000
                    Facsimile: (919) 781-4865
                    *Counsel for Defendant Variety Stores, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing ***MEMORANDUM IN SUPPORT OF VARIETY'S MOTION TO SEAL*** was electronically filed with the Clerk of Court using the CM/ECF system, which system will provide notice to Counsel for Plaintiff as follows:

>Christopher D. Lane
>3802-A Clemmons Rd.
>Clemmons, NC 27012
>cdllaw@juno.com
>*Attorney for Plaintiff*

This the 3rd day of March, 2014.

>/s/ Paul J. Puryear, Jr.
>Paul J. Puryear, Jr.